UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

v.

        Case Number 09-20423-BC
        Honorable Thomas L. Ludington

ADAM LEE ROOT,

        Defendant.
_____ /

**ORDER DENYING DEFENDANT'S MOTION FOR CREDIT FOR TIME SERVED**

        Defendant Adam Lee Root entered a guilty plea to a charge of receiving counterfeit securities of the United States in violation of 18 U.S.C. § 473 and on April 12, 2010 was sentenced to 18 months in custody to be served concurrent with a sentence imposed on June 16, 2008 by the Gratiot County Circuit Court [Dkt. #24]. Now before the Court is Defendant's pro se petition seeking credit on his federal sentence for time served in state custody [Dkt. #25]. Defendant was granted parole from state custody on October 30, 2008 with a projected parole date of June 23, 2009, but his parole was suspended on April 6, 2009 due to charges pending in the instant case. Defendant seeks credit for his time spent in state custody either after his projected parole date of June 23, 2009 or after the date of his federal arraignment on October 1, 2009. The petition contends that Defendant did not receive credit on his federal sentence for the time he spent in custody awaiting his arraignment and subsequent sentencing on the federal charges, and that his grievances filed with the Michigan Department of Corrections requesting that his parole be reinstated have been denied.

        Federal law does provide credit in certain circumstances for time spent in custody while awaiting trial under 18 U.S.C. § 3585(b). The statute provides:

Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

A district court, however, lacks jurisdiction over a post-conviction petition requesting sentence credit for other time served. *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992). The Attorney General, through the Bureau of Prisons ("BOP"), has jurisdiction to determine the appropriate credit for time served. *Id.* A defendant must challenge the BOP's determination and exhaust available administrative remedies before jurisdiction will vest in a district court to review the BOP's determination.

Here, Defendant's motion does not indicate that he has exhausted available administrative remedies to challenge the determination of credit for time served. Thus, this Court lacks jurisdiction to grant Defendant the relief that he seeks.

Accordingly, it is **ORDERED** that Defendant's "motion for credit time served" [Dkt. # 25] is **DENIED WITHOUT PREJUDICE**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 31, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 31, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS